UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD W. NALL,

       Plaintiff,

                                                  Case No. 11-cv-15639
vs.                                              HON. GERSHWIN A. DRAIN

GRAND TRUNK WESTERN RAILROAD
COMPANY,

       Defendants.

_____/

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION TO COMPEL DISCOVERY AND TO EXTEND DISCOVERY AND DISPOSITIVE MOTION DATES[#25] AND AMENDING SCHEDULING ORDER**

On December 27, 2011, Plaintiff, Richard Nall, filed the instant Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.* action. Plaintiff alleges he sustained permanent left knee injuries as a result of his employer, Defendant, Grand Trunk Western Railroad Company's, negligence in failing to provide him a reasonably safe place to work, appropriate safety equipment, sufficient tools and manpower while he was working in December of 2009.

Presently before the Court is Defendant's Emergency Motion to Compel Discovery and to Extend Discovery and Dispositive Motion Dates, filed on March 13, 2013. The parties have fully briefed their respective positions. The Court has ordered resolution of this matter pursuant to E.D. Mich. L.R. 7.1(f)(2). Accordingly, for the reasons that follow, the Court grants Defendant's Emergency Motion to Compel and to Extend Discovery and Dispositive Motion Dates.

-1-

In the present motion, Defendant seeks an Order from the Court compelling Plaintiff to provide various discovery.[1] Defendant first seeks an Order compelling Plaintiff to produce any and all correspondence from Plaintiff's counsel to Plaintiff's medical treaters, including correspondence to Mark L. Davis, D.O. Plaintiff responds that, while not obligated under the Federal Rules of Civil Procedure, he has provided Defendant with a copy of his correspondence to Davis. Defendant argues that it seeks all correspondence to Plaintiff's treating physicians relating to treatment, testimony and/or reports, not just the correspondence to Davis. Defendant argues that this evidence is relevant to both causation and damages.

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court finds that the requested discovery appears reasonably calculated to lead to the discovery of admissible evidence, therefore Plaintiff shall be required to serve any and all correspondence to Plaintiff's treating physicians relating to treatment, testimony and/or reports.

Defendant also seeks an order compelling Plaintiff to produce his wife for deposition. Defendant requested Mrs. Nall's deposition immediately upon receiving Plaintiff's witness list, and has requested dates on three occasions. Plaintiff has failed to respond to Defendant as to the dates

---

[1] After Defendant filed its Emergency Motion to Compel, Plaintiff served some of the discovery sought by Defendant's present motion. Therefore, Defendant's requests for an authorization to obtain records from the Brotherhood's Relief and Compensation Fund, request for an order compelling Plaintiff to produce Dr. Prakash, Plaintiff's treating physician, for deposition, and request for executed medical authorizations are all moot.

that Mrs. Nall is available for deposition. Plaintiff's counsel offers no justification for his failure to secure available dates for Mrs. Nall's deposition. Because Mrs. Nall's testimony is relevant to the issue of damages, the Court orders Plaintiff to provide available dates for Mrs. Nall's deposition within ten (10) days from the date of this Order.

Defendant also seeks to conduct the depositions of its former employees, Messrs. Ulmer and Chapman, as well as Plaintiff's retained experts. However, Plaintiff has failed to respond to Defendant's inquiries as to counsel's availability to conduct the depositions of Mssrs. Ulmer and Chapman nor has Plaintiff offered any dates for the depositions of his retained experts. Plaintiff's counsel offers no explanation for his failure to cooperate, other than to try and place the blame elsewhere, specifically on Defendant. If Plaintiff seeks discovery which Defendant has unreasonably refused to provide, Plaintiff may likewise rely on the Federal Rules of Civil Procedure in seeking relief before this Court. Plaintiff's counsel is ordered to provide dates that he will be available for the depositions of Mssrs. Ulmer and Chapman, as well as provide dates for the depositions of his retained experts within ten (10) days from the date of this Order.

Defendant also seeks an order compelling the continued deposition of Davis on May 30, 2013. Plaintiff has objected to the notice of the continued deposition, however his objection that he did not receive adequate notice is without merit. Counsel received the notice for the continued deposition on March 26, 2013. Further, between March 21, 2013 and June 30, 2013, Davis is only available on May 30, 2013. Accordingly, the Court orders the continued deposition of Davis to proceed on May 30, 2013.

Additionally, Defendant seeks an order compelling Plaintiff to produce signed attestation pages for his answers to Defendant's first set of interrogatories. This request is likewise granted and

Plaintiff shall provide signed attestation pages to his answers to interrogatories within ten (10) days from the date of this Order.

Defendant also seeks an extension to the scheduling order dates. The Court finds good cause exists for the extension, particularly in light of Defendant's counsel's repeated efforts to obtain discovery and Plaintiff's counsel's failure to respond in a timely fashion. The parties are hereby advised that there will be no further extensions to the scheduling order.

Accordingly,

Defendant's Emergency Motion to Compel [#25] is GRANTED.

IT IS ORDERED that Plaintiff shall produce any and all correspondence between Plaintiff's counsel and Plaintiff's treating physicians within ten (10) days from the date of this Order.

IT IS FURTHER ORDERED that Plaintiff's counsel shall advise Defendant's counsel of the dates available for the depositions of Mrs. Nall, and Mssrs. Chapman and Ulmer, as well as Plaintiff's retained experts within ten (10) days from the date of this Order.

IT IS FURTHER ORDERED that Plaintiff produce signed attestation pages for his answers to interrogatories within ten (10) days from the date of this Order.

IT IS FURTHER ORDERED that the continued deposition of Mark L. Davis, D.O. shall proceed on May 30, 2013.

IT IS FURTHER ORDERED that the following dates shall govern in this matter:

| | |
|---|---|
| Facilitation before Judge Rashid: | May 14, 2013 at 1:00 p.m. |
| Discovery cutoff: | June 13, 2013 |
| Dispositive motion cutoff: | July 8, 2013 |

| | |
|---|---|
| Settlement Conference before Mag. Judge Michelson:[2] | September of 2013 |
| Final Pretrial Order due: | October 8, 2013 |
| Final Pretrial Conference: | October 15, 2013 at 3:00 p.m. |
| Trial: | October 29, 2013 at 9:00 a.m. |

SO ORDERED.

Dated: April 8, 2013                    /s/Gershwin A Drain
                                        GERSHWIN A. DRAIN
                                        United States District Judge

---

[2] The settlement conference that was scheduled for July 16, 2013 before this Court is cancelled.